IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00404-MR

| | |
|---|---|
| CHRISTOPHER R. RUTLEDGE, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> WAKE FOREST UNIVERSITY ) <br> SCHOOL OF MEDICINE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

## I. BACKGROUND

The incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), on behalf of himself and his two minor children, A.M.R. and A.D.R.[1] [Doc. 1 at 1, 31]. In the 64-page Complaint, the Plaintiff purports to assert claims under the "1st, 4th, 5th, 8th & more plus Human Rights Violations, International & here…." for, inter alia, denying him

---

[1] The Plaintiff is instructed to refer to his minor children by using their initials rather than their full names. The Plaintiff must also move to seal any future filing that contains confidential information.

"Freedom of Speech & Religion & Political Views (… i.e. Nazi)…," and for controlling him with technology. [Id. at 2-3, 13, 31].

The Plaintiff names as Defendants "Approx 280 Company's, Labs, Colleges, Individuals/Relatives to me & my Daughter's, Municipalities, Entity's, Etc…," including: federal agencies; local sheriff's departments, police departments, and fire departments; private individuals including Plaintiff's family members; private companies; and groups including "People from Charlotte or Surrounding," "Spanish People" and "LGBTQ people." [Id. at 30, 41-63] (errors uncorrected).

The Plaintiff describes the events giving rise to his claims as follows:

> I want the CIA & FBI & NSA to do an in person memory download, reading & polygraph in a location no technology can access me & after they research this package to make sure no technology can cut on to me or my brain. I want this recorded because it will be completely opposite of everything they've gotten until it's finally done.

[Id. at 32] (errors uncorrected).  The Plaintiff appears to seek damages and injunctive relief including an investigation of the Defendants and the institution of criminal charges against them.[2] [Id. at 2, 40].  In an attachment

---

[2] The Plaintiff seeks relief which is beyond the purview of this civil rights action. See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("in American jurisprudence …, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.")).

to the Complaint, he also requests the appointment of counsel.³ [Doc. 1-1 at 10].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

---

³ In future, the Plaintiff must address any requests to the Court by filing a "Motion." [See April 23, 2024 Standing Order]. Letters and other improper filings will not receive a response from the Court and may be stricken.

3

district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). Bivens' core premise is to deter individual officers' unconstitutional acts. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001).

Acting pro se, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has

4

the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit a … litigant who is unassisted by counsel to represent [others] in a class action."). Therefore, the Plaintiff's attempt to assert claims on behalf of his minor children is rejected and they will be dismissed as Plaintiffs from this action.

The Plaintiff's allegations are vague, conclusory, and devoid of meaningful factual allegations. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations are also so outlandish and unmoored from reality that the Court is unable to discern any potentially plausible claim under § 1983 or Bivens. See 28 U.S.C. § 1915(e)(2)(B)(i); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts

5

alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"), *abrogated on other grounds by* Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020). Accordingly, the Complaint fails initial review as frivolous and for failure to state a claim upon which relief can be granted.[4]

The Plaintiff seeks the appointment of counsel because he is indigent and a layperson, and because the Court has not provided him with adequate counsel. [Doc. 1-1 at 10]. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel and, therefore, his request will be denied.

---

[4] The Court declines to address § 1915(e)(2)(B)(iii) at this time in light of the Complaint's other serious deficiencies and the large number of Defendants.

6

Case 3:24-cv-00404-MR    Document 6    Filed 04/29/24    Page 6 of 8

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim and the Complaint is dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. **The Amended Complaint, including attachments, must not exceed 25 pages unless the Plaintiff obtains prior authorization from the Court**. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

**The Plaintiff is cautioned that any further frivolous filings may result in the imposition of sanctions including a prefiling injunction.**

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. Plaintiffs A.M.R. and A.D.R. are **DISMISSED** from this action.

3. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order, and to terminate A.M.R. and A.D.R. as Plaintiffs from this action.

**IT IS SO ORDERED.**

Signed: April 29, 2024

Martin Reidinger
Chief United States District Judge