IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00404-MR

| | |
|---|---|
| CHRISTOPHER R. RUTLEDGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WAKE FOREST UNIVERSITY ) <br> SCHOOL OF MEDICINE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 9]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

**I. BACKGROUND**

The incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] On April 29, 2024, the seriously deficient and frivolous Complaint was dismissed on initial review and the Plaintiff was granted the opportunity to amend. [Doc. 6]. He was instructed that "[t]he

---
[1] The Plaintiff also purported to sue on behalf of his two minor children, which is not permitted. [See Doc. 6 at 4-5].

Amended Complaint, including attachments, must not exceed 25 pages unless the Plaintiff obtains prior authorization from the Court. [Id. at 7]. He was cautioned that, if he failed to comply with the April 29 Order, "the Court will dismiss this action without further notice." [Id.]. He was further cautioned that "any further frivolous filings may result in the imposition of sanctions including a prefiling injunction." [Id.]. The Amended Complaint is now before the Court for initial review. [Doc. 9].

In the 92-page Amended Complaint, the Plaintiff purports to assert § 1983 and Bivens claims under "1, 4, 5, 6, 8, 14 Constitutional & Statutory."[2] [Id. at 3]. He names in excess of 30 Defendants, including family members, various universities and university hospitals, and apparently private individuals. [See Doc. 9-1 at 4-7]. He appears to claim that his nervous system is being controlled by the federal government and that he is being illegally surveilled and persecuted in prison. [See Doc. 9 at 4 ("Technology began May 17th 2021 in my brain…."); Doc. 9-1 at 11 ("… [Since] May 2021, even now (as the technologies have not shut off or been found (controlling my central nervous system & using a neural coding to my neurons & neural network to a quantum computer) mapping out my entire nervous system &

---

[2] The body of the Amended Complaint refers to additional provisions. [See, e.g., Doc. 9-1 at 27, 34 (citing the Seventh and Ninth Amendments)].

2

control it …")]. He again appears to seek an investigation of his claims and the institution of criminal charges against the Defendants. [See Doc. 9-1 at 3].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Plaintiff has failed to comply with the Court's Order on initial review. The Amended Complaint and its attachments far exceed 25 pages and the Plaintiff failed to obtain prior leave from the Court to exceed the 25-page limit. It is subject to dismissal on this basis alone. [See Doc. 6 at 7].

Even if it did not exceed the applicable page limit, the Amended Complaint would fail initial review because it suffers from the same serious deficiencies that were identified on initial review of the Complaint. [See Doc. 6].

The Plaintiff's increasingly bizarre filings are so outlandish and unmoored from reality that the Court finds this entire action to be frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), abrogated on other grounds by Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.' "). Accordingly,

this action is dismissed without further leave to amend, as it is clear that no amendment would cure the deficiencies noted herein. See <u>United States ex rel. Carson v. Manor Care, Inc.</u>, 851 F.3d 293, 305 n. 6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted).

**IV. CONCLUSION**

In sum, the Amended Complaint fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and this action is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 9] fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and this action is **DISMISSED WITH PREJUDICE**.

**<u>The Plaintiff is again cautioned that any further frivolous filings may result in the imposition of sanctions including a prefiling injunction.</u>**

**IT IS SO ORDERED.**

Signed: June 10, 2024

Martin Reidinger
Chief United States District Judge